# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | : | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:21-cv-00056-GZS |
| v. | : | |
| | : | ORAL ARGUMENT REQUESTED |
| TD BANK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT TD BANK, N.A.'S MOTION TO DISMISS
## AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, TD Bank, N.A. ("**TD Bank**"), respectfully moves this Court for an order dismissing Plaintiff, Gregory Paul Violette's ("*Mr. Violette*"), Complaint. In support, TD Bank relies on and incorporates by reference the contemporaneously filed Memorandum of Law. TD Bank respectfully requests oral argument on this motion.

Respectfully submitted,

/s/ *Stephanie A. Williams*
Stephanie A. Williams, Maine Bar No. 10012
Duane Morris LLP
Two Monument Square, Suite 505
Portland, ME 04101
(215) 979-1585 (phone)
(207) 433-1155 (fax)
sawilliams@duanemorris.com

Dated: February 23, 2021              ***Attorneys for Defendant TD Bank, N.A.***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:21-cv-00056-GZS |
| TD BANK, | : ORAL ARGUMENT REQUESTED |
| Defendant. | : |

**DEFENDANT, TD BANK, N.A.'S, MEMORANDUM OF LAW
SUPPORTING ITS MOTION TO DISMISS**


Respectfully submitted,

/s/ *Stephanie A. Williams*
Stephanie A. Williams, Maine Bar No. 10012
Duane Morris LLP
Two Monument Square, Suite 505
Portland, ME 04101
(215) 979-1585 (phone)
(207) 433-1155 (fax)
sawilliams@duanemorris.com

Dated:  February 23, 2021                    ***Attorneys for Defendant TD Bank, N.A.***

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY.................................... 1

III. LEGAL ARGUMENT ......................................................................................................... 3

    A. Rule 12(b)(6) Compel Dismissal of the Complaint. ................................................3

    B. The Complaint Fails to Meet the Notice Standard of Rule 8(a)(2)..........................4

    C. Mr. Violette's Breach of Contract Claim Fails, as a Matter of Law, Because Mr. Violette Fails to Plead Facts That Plausibly Show TD Bank Breached a Contractual Obligation. ..........................................................................................6

    D. To the Extent the Court Interprets Mr. Violette's Allegations as a Basis for a Negligence Claim, That Claim Fails, as a Matter of Law, Because Mr. Violette Fails to Allege Facts That Plausibly Establish an Independent Duty Owed By TD Bank and Breach of That Duty. ..........................................................8

    E. To the Extent the Court Interprets Mr. Violette's Allegations as Basis for a Claim Under the Maine Unfair Trade Practices ("MUTPA") Act, Such Claim Fails, as a Matter of Law Because Financial Institutions are Exempt from the MUTPA. ..................................................................................................................9

    F. The Complaint Should Be Dismissed Without Leave to Amend ............................9

IV. CONCLUSION.................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page**

**Federal Cases**

*Angelo v. Campus Crest at Orono, LLC*, 1:15-CV-00469-NT, 2017 WL 6540029 (D. Me. Dec. 21, 2017) ...........................................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................................................3

*Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12 (1st Cir. 1998)....................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 3-4

*Brandt v. Fitzpatrick*, 1:15-CV-461-NT, 2016 WL 7115969 (D. Me. Dec. 5, 2016).......................4

*Caldwell v. Fed. Exp. Corp.*, 908 F.Supp. 29 (D. Me. 1995) .........................................................3

*Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24 (1st Cir. 2000) ............................................................................................................................7

*Demars v. Gen. Dynamics Corp.,* 779 F.2d 95 (1st Cir. 1985) .......................................................9

*Dream Capital Mgmt. LLC as Tr. for DCFI NPN2 0215001 Tr. v. Deutsche Bank Nat'l Tr. Co. as Tr. of Residential Asset Securitization Tr. 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1, 2:19-CV-00560-NT*, 2020 WL 7066313 (D. Me. Dec. 2, 2020) ........................................................... 4-5

*Finnern v. Sunday River Skiway Corp.*, 984 F.2d 530 (1st Cir. 1993) ...........................................4

*Gagliardi v. Sullivan*, 513 F.3d 301 (1st Cir. 2008) ......................................................................3

*Hamilton v. Fed. Home Loan Mortgage Corp.*, 2:13-CV-00414-JAW, 2014 WL 12726327 (D. Me. July 30, 2014.) ...................................................................................1

*Int'l Paper Co. v. A & A Brochu*, 899 F.Supp. 715 (D. Me. 1995) .................................................7

*Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir. 1979)..........................................................9

*Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503 (1st Cir. 2002) .................................................4

*Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012).....................................................................3

*Resolution Tr. Corp. v. St. Hilaire & Associates, Inc.*, 807 F.Supp. 850 (D. Me. 1992) ............................................................................................................................7

*Schatz v. Republican State Leadership Comm.*, 669 F.3d 50 (1st Cir. 2012) .................................3

*Viola v. Fleet Bank of Maine*, No. 95–141–P–DMC, 1996 WL 498390 (D. Me. Feb. 27, 1996) ..................................................................................................................9

*Watterson v. Page*, 987 F.2d 1 (1st Cir. 1993) ................................................................7

**State Cases**

*Bell ex rel. Bell v. Dawson*, 82 A.3d 827 ........................................................................8

*Brown v. Delta Tau Delta*, 118 A.3d 789 (Me. 2015) .....................................................8

*Lawson v. McLeod*, 152 Me. 67, 123 A.2d 199 (1956) ..................................................6

*Estate of Smith v. Cumberland Cty.*, 60 A.3d 759 ..........................................................8

*Tobin v. Barter*, 89 A.3d 1088 ........................................................................................6

**Federal Statutes and Rules of Court**

Fed. R. Civ. P. 8(a) ..........................................................................................................5

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 3-4, 7

Fed. R. Evid. § 20(b) .......................................................................................................1

**Other Authorities**

5 M.R.S.A. § 207, § 213 ..................................................................................................9

5 M.R.S.A. § 208(1) ........................................................................................................9

9–B M.R.S.A. § 241–43 ..................................................................................................9

9–B M.R.S.A. § 244 ........................................................................................................9

9-B M.R.S.A. § 241 .........................................................................................................9

Maine Unfair Trade Practices Act ...................................................................................9

Rule 8(a)(2) ................................................................................................................. 4-5

I.   **INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, TD Bank, N.A. ("***TD Bank***"), respectfully moves to dismiss Plaintiff, Gregory Paul Violette's ("***Mr. Violette***"), Complaint. The Complaint should be dismissed with prejudice for the following ***four*** reasons:

> ***First***, the Complaint fails to satisfy the Rule 8 pleading standard of setting forth a short statement of facts that plausibly show a claim against TD Bank;
>
> ***Second***, Mr. Violette's breach of contract claim fails, as a matter of law, because Mr. Violette fails to plead facts that plausibly show what provision of any contract TD Bank breached or how Mr. Violette was damaged;
>
> ***Third***, the allegations in the Complaint fail, even under a liberal reading, to set forth a factual basis for a negligence claim because TD Bank did not owe an independent duty to Mr. Violette. Even if it did, Mr. Violette fails to allege facts showing that TD Bank breached any such duty; and
>
> ***Fourth***, the allegations in the Complaint fail, even under a liberal reading, to set forth a plausible claim under the Maine Unfair Trade Practices Act ("***MUTPA***") because the MUTPA does not create a private right of action against financial institutions.

II.   **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

This action is at least the 24th case filed by Mr. Violette in the past four years against at least the 21st unique defendant. *See* Exhibit A (listing 24 claims filed by Mr. Violette in the Districts of Maine and Massachusetts since 2017).[1] In this Complaint, without any supporting facts, Mr. Violette seeks exemplary and punitive damages of $550,000 arising out of several

---

[1] Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Hamilton v. Fed. Home Loan Mortgage Corp.*, 2:13-CV-00414-JAW, 2014 WL 12726327, at *1 (D. Me. July 30, 2014).

1

alleged inconveniences he faced during the six months he maintained several accounts with TD Bank.[2]

First, Mr. Violette alleges that on October 13, 2020, he made a mobile deposit of an unspecified amount into his TD Bank checking account. Compl., ¶ 1. Mr. Violette alleges that while funds from the check allegedly "cleared" his credit union account on October 14, 2020, TD Bank did not make them available to Mr. Violette for over seven days. *Id*.

Second, Mr. Violette alleges that he attempted to make a mobile deposit of an unspecified amount into his TD Bank account between December 14, 2020 and December 19, 2020, but could not get his username and password for online banking to work. Compl., ¶ 2. Mr. Violette alleges that when he contacted TD Bank's call center for assistance, it allegedly was not helpful in resolving the issue. *Id*.

Third, Mr. Violette also alleges that in November 2020, he attempted to dispute a $144 charge made on his debit card, but TD Bank advised him to dispute the charge with the merchant directly. Compl., ¶ 3.

Last, Mr. Violette alleges that on January 13, 2021, he sent a letter to TD Bank requesting that it close his two savings accounts. Compl., ¶ 4. Allegedly, at the time he filed the Complaint (January 25, 2021), Mr. Violette had not received the remaining funds from either account. *Id*.

Based on the foregoing, Mr. Violette concludes the Complaint by disagreeing with TD Bank's slogan of "America's Most Convenient Bank". Compl., ¶ 5.

On January 25, 2021, Mr. Violette filed a *pro se* Complaint against TD Bank in the Superior Court of Somerset County, Maine No. CV-21-10 ("**State Court Action**"). TD Bank

---

[2] Mr. Violette was a TD Bank customer between July 2020 and February 2021. During that time, Mr. Violette personally maintained three accounts at TD Bank: a personal checking account, a personal savings account, and a business checking account. Mr. Violette is also the beneficiary of a fiduciary account that remains open at TD Bank.

2

timely removed the State Court Action to this Court on February 16, 2021 because the parties are citizens of different states and Mr. Violette alleges damages in excess of $75,000.00. Now TD Bank seeks dismissal of Mr. Violette's claims, **with prejudice**.

### III. LEGAL ARGUMENT

#### A. Rule 12(b)(6) Compels Dismissal of the Complaint.

A complaint will survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means the complaint must plead sufficient factual matter to enable a court to draw reasonable inference that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 557; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) ("[A] court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.").

Factual allegations, assumed as true for purposes of a motion to dismiss, must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555 (citations omitted). "[N]aked assertions devoid of further factual enhancement need not be accepted." *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (internal quotations marks omitted). If the complaint fails to state factual allegations, either direct or inferential, as to each material element necessary to sustain recovery under some actionable legal theory, dismissal is appropriate. *Caldwell v. Fed. Exp. Corp.*, 908 F.Supp. 29, 31 (D. Me. 1995); *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

Claims by *pro se* litigants may be dismissed under Rule 12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 507 (1st Cir. 2002); *Finnern v. Sunday River Skiway Corp.*, 984 F.2d 530, 534 (1st Cir. 1993); *Brandt v. Fitzpatrick*, 1:15-CV-461-NT, 2016 WL 7115969, at *4 (D. Me. Dec. 5, 2016). Here, the Complaint fails under Rule 12(b)(6) because it lacks any facts that plausibly state claims against TD Bank.

**B.    The Complaint Fails to Meet the Notice Standard of Rule 8(a)(2).**

Mr. Violette fails to plead facts that provide TD Bank notice of the claims against it. At best, the Complaint details several inconveniences Mr. Violette experienced without alleging any facts showing that TD Bank breached a contractual obligation or independent duty, or that Mr. Violette was damaged.

Under Rule 8(a)(2), a plaintiff is required to make a "'short and plain statement of the claim showing that the pleader [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (internal quotation omitted); *Dream Capital Mgmt. LLC as Tr. for DCFI NPN2 0215001 Tr. v. Deutsche Bank Nat'l Tr. Co. as Tr. of Residential Asset Securitization Tr. 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1, 2:19-CV-00560-NT*, 2020 WL 7066313, at *2 (D. Me. Dec. 2, 2020) (a *"short and plain statement"* must "give the defendant fair notice of what the claim is and the grounds upon which it rests."). Mr. Violette has failed to meet this standard here.

For example, Mr. Violette does not allege that TD Bank never provided him access to the funds he allegedly deposited on October 13, 2020. Rather, he simply alleges that it took longer than he wanted. Compl., ¶ 1. Similarly, Mr. Violette does not allege any facts to show how the inconvenience of being unable to make mobile deposits in December damaged him. *Id.* ¶ 2. Mr.

4

Violette also fails to allege how TD Bank's direction to resolve a dispute over a $144.00 credit he was supposed to receive from a third party with that third party was a breach of an obligation or duty. *Id.* ¶ 3. Further, Mr. Violette fails to allege whether he received a reimbursement of the disputed funds through the merchant. Finally, Mr. Violette generally alleges that, at the time he filed the Complaint, he had not received the remaining funds from two TD Bank savings accounts[3] he closed in late January/early February. Compl., ¶ 4. But Mr. Violette filed his complaint less than two weeks after he alleges he mailed a letter to TD Bank to close his accounts.[4] *Id*.

While Rule 8(a)(2) requires only a short and plain statement of the claim showing that a plaintiff is entitled to relief, the plaintiff's pleadings must contain facts sufficient to make the claims plausible. *See Dream Capital Mgmt. LLC as Tr. for DCFI NPN2 0215001 Tr. v. Deutsche Bank Nat'l Tr. Co. as Tr. of Residential Asset Securitization Tr. 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1, 2:19-CV-00560-NT,* 2020 WL 7066313, at *2. In his Complaint, Mr. Violette sets forth no facts from which one could infer that TD Bank wronged Mr. Violette, breached the terms of any contract that TD Bank had with Mr. Violette, or was negligent in any manner. As such, Mr. Violette has not alleged any facts that would make a breach of contract claim, or any other claim against TD Bank, "plausible".

In short, the Complaint does not meet the Rule 8(a) notice standard because it does not give TD Bank notice of any claims against it.

---

[3] After thorough investigation, TD Bank has confirmed that Mr. Violette did not have a business savings account with TD Bank; only a business checking account.
[4] After thorough investigation, TD Bank has confirmed that the cashier's check with the remaining funds in Mr. Violette's business checking account was cashed on February 3, 2021.

**C.    Mr. Violette's Breach of Contract Claim Fails, as a Matter of Law, Because Mr. Violette Fails to Plead Facts That Plausibly Show TD Bank Breached a Contractual Obligation.**

To plead a claim for breach of contract in Maine, a plaintiff must allege that "the defendant breached a material term of the contract, and that the breach caused the plaintiff to suffer damages." *Tobin v. Barter*, 89 A.3d 1088, 1091–92. The plaintiff has the burden of "establish[ing] the amount of his damages with reasonable certainty." *Lawson v. McLeod*, 152 Me. 67, 69, 123 A.2d 199, 200 (1956). "Sufficient facts must appear so that they, or reasonable inferences from them, will establish proof of the damages by reasonable certainty." *Id*. "[M]ere speculation, conjecture, or surmise will not suffice." *Id*.

Here, Mr. Violette fails to allege facts that plausibly establish TD Bank breached any enforceable contractual obligation to Mr. Violette. As a threshold matter, Mr. Violette fails to allege the specific terms of a valid contract between Mr. Violette and TD Bank, let alone how TD Bank breached them. Instead, Mr. Violette relies entirely on a conclusory allegation that TD Bank "did NOT honor [its] contract with [Plaintiff]." Compl., Conclusion.

Further, Mr. Violette fails to allege facts showing that any breach of any agreement damaged Mr. Violette. Here too, Mr. Violette relies entirely on a conclusory allegation that he was damaged by the alleged breach. *Id*. Thus, Mr. Violette fails to allege facts that plausibly establish a breach of contract and the Court must dismiss any purported claims for breach of contract.

Moreover, Mr. Violette's failure to allege the terms of the contract between Mr. Violette and TD Bank, or to attach a contract to the Complaint, is a tacit admission that there is no viable breach of contract claim. To the contrary, the agreement between Mr. Violette and TD Bank contradicts Mr. Violette's conclusory allegations that TD Bank was required to make funds from Mr. Violette's deposits into his TD Bank accounts available instantaneously. Compl., at ¶ 1.

Specifically, the Account Agreement that Mr. Violette failed to attach, explicitly and unambiguously states, "in some cases, [TD Bank] will not make all the funds that [a customer] deposit[s] by check available at the times shown in [its] [Funds Availability Policy] … [Funds] will **generally**[5] be available no later than the seventh (7th) Business Day after the day of [a] deposit." See Personal Account Agreement at p. 42-43, attached as Exhibit B.[6] Further, the Account Agreement does not mention anything about providing Mr. Violette with uninterrupted online banking access or agreeing to resolve any and all disputed debit card transactions.

Accordingly, TD Bank's alleged actions on Mr. Violette's accounts were entirely consistent with the express terms of the Account Agreement. Thus, even a liberal reading of the allegations fails to establish a claim against TD Bank for breach of contract and the Court should dismiss the Complaint. See Resolution Tr. Corp. v. St. Hilaire & Associates, Inc., 807 F.Supp. 850, 853 (D. Me. 1992) ("The meaning of an unambiguous contract must be decided from the plain meaning of the language used without resort to extrinsic evidence."); Int'l Paper Co. v. A & A Brochu, 899 F.Supp. 715, 717 (D. Me. 1995) ("Courts must generally interpret unambiguous contract provisions on the basis of the plain meaning of the language and the four corners of the contract document.").

---

[5] Emphasis added throughout unless indicated to the contrary.
[6] Generally, a court may not consider documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). However, a narrow exception exists "for documents the authenticity of which are not disputed by the parties; for official public records; **for documents central to plaintiffs' claim**; **or for documents sufficiently referred to in the complaint**." Id. When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss. See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998); accord Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (considering advertising material outside of the complaint in a motion to dismiss false advertising claim because material was "integral" to assessing the complaint's allegations). Here, Mr. Violette alleges TD Bank breached the Account Agreement, which governs the relationship between Mr. Violette and TD Bank and states the parties' rights and obligations concerning Mr. Violette's accounts. Thus, it is integral to the Complaint. See Ex. B, Account Agreement.

**D.    To the Extent the Court Interprets Mr. Violette's Allegations as a Basis for a Negligence Claim, That Claim Fails, as a Matter of Law, Because Mr. Violette Fails to Allege Facts That Plausibly Establish an Independent Duty Owed By TD Bank and Breach of That Duty.**

To state a cause of action for negligence, a plaintiff must plead: "(1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) causation, that is, a finding that the breach of the duty of care was a cause of the injury." *Bell ex rel. Bell v. Dawson*, 82 A.3d 827, 831–32; *Estate of Smith v. Cumberland Cty.*, 60 A.3d 759, 763. Here, the Complaint does not allege a claim for negligence on its face; but even a liberal reading of the facts alleged fail to provide a plausible basis for such a claim. Specifically, Mr. Violette fails to plead facts that plausibly establish an independent duty owed to him by TD Bank.

Whether one party owes a duty of care to another, and the scope of that duty, are generally matters of law for the court. *Angelo v. Campus Crest at Orono, LLC*, 1:15-CV-00469-NT, 2017 WL 6540029, at *4 (D. Me. Dec. 21, 2017). The existence of a duty is "a mixed question of law and fact," and "the facts in any given case will determine whether an entity has a duty of care to the putative plaintiff." *Brown v. Delta Tau Delta*, 118 A.3d 789, 792 (Me. 2015); *Angelo v. Campus Crest at Orono, LLC*, 1:15-CV-00469-NT, 2017 WL 6540029, at *4 (D. Me. Dec. 21, 2017).

Here, Mr. Violette fails to plead an independent duty owed to him by TD Bank. To the contrary, Mr. Violette's claims, on their face, sound in contract, and TD Bank is unaware of any cases in Maine that support a claim for a negligent performance of a contract. Moreover, there are no facts alleged to support the existence of some independent duty where, as here, the relationship between the parties is consumed by the contract. Therefore, Mr. Violette has failed to plead any of the elements necessary for a claim of negligence and any cause of action for negligence must be dismissed.

**E.     To the Extent the Court Interprets Mr. Violette's Allegations as Basis for a Claim Under the Maine Unfair Trade Practices ("*MUTPA*") Act, Such Claim Fails, as a Matter of Law Because Financial Institutions are Exempt from the MUTPA.**

To the extent the Complaint can be interpreted to include a claim for violation of the Maine Unfair Trade Practices Act, that claim also fails because TD Bank is exempt from the MUTPA.

The MUTPA provides consumers with a cause of action against providers of goods and services who engage in "[u]nfair or deceptive acts or practices...." 5 M.R.S.A. § 207, § 213. However, the unfair and deceptive practices of financial institutions are governed by separate provisions, found in Chapter 24 of Title 9–B of the Maine Revised Statutes. 9–B M.R.S.A. § 241–43. Further, the Maine legislature has specifically exempted financial institutions that are subject to the provisions of Chapter 24 from the coverage of the MUTPA. 9–B M.R.S.A. § 244; *see Viola v. Fleet Bank of Maine*, No. 95–141–P–DMC, 1996 WL 498390, at *4 (D. Me. Feb. 27, 1996); *see also* 5 M.R.S.A. § 208(1). While Title 9-B does prohibit "anti-competitive or unfair practices", this statute provides for enforcement action by the ***state, and does not create a private right of action***. 9-B M.R.S.A. § 241. Therefore, Mr. Violette cannot bring a claim against TD Bank for violation of the MUPTA or Chapter 24 of Title 9–B of the Maine Revised Statutes.

**F.     The Complaint Should Be Dismissed Without Leave to Amend**

While motions to amend are liberally granted, a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile. *Demars v. Gen. Dynamics Corp., 779 F.2d 95, 99* (1st Cir. 1985); *see, e.g.*, *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 896 (1st Cir. 1979). In this matter, for the reasons discussed, TD Bank cannot be held liable for Mr. Violette's claim for breach of contract or any other putative claims. Accordingly, the Complaint should be dismissed in its entirety with prejudice without leave to amend.

## IV. CONCLUSION

There are *four* reasons why TD Bank's Motion to Dismiss should be granted with prejudice:

*First*, the Complaint fails to satisfy the Rule 8 pleading standard of setting forth a short statement of facts that plausibly show a claim against TD Bank;

*Second*, Mr. Violette's breach of contract claim fails, as a matter of law, because Mr. Violette fails to plead facts that plausibly show what provision of any contract TD Bank breached or how Mr. Violette was damaged;

*Third*, the allegations in the Complaint fail, even under a liberal reading, to set forth a factual basis for a negligence claim because TD Bank did not owe an independent duty to Mr. Violette. Even if it did, Mr. Violette fails to allege facts showing that TD Bank breached any such duty; and

*Fourth*, the allegations in the Complaint fail, even under a liberal reading, to set forth a plausible claim under the Maine Unfair Trade Practices Act ("*MUTPA*") because the MUTPA does not create a private right of action against financial institutions.

Date: February 23, 2021

Respectfully Submitted,

/s/ *Stephanie A. Williams*
Stephanie A. Williams, Maine Bar No. 10012
Duane Morris LLP
Two Monument Square, Suite 505
Portland, ME 04101
(215) 979-1585 (phone)
(207) 433-1155 (fax)
sawilliams@duanemorris.com

*Attorneys for TD Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2021, the foregoing Motion to Dismiss and supporting materials was served via email and first class mail, postage pre-paid, to:

Gregory Paul Violette<br>
21 Summer Street<br>
Madison, ME 04950<br>
dvgpgviolette@gmail.com

Dated: February 23, 2021          /s/ *Stephanie A. Williams*
                                  Stephanie A. Williams